IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

FILED
04 AUG 24 PM 2:49

ENTERED
AUG 25 2004

| | |
|---|---|
| FIDELITY AND DEPOSIT COMPANY OF MARYLAND, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. ) |
| J & J MASONRY, INC., n/k/a JEFCO MASONRY CORPORATION, and L.C. POSEY & SONS, INC., | ) CV-03-TMP-1858-NE ) ) ) ) |
| Defendants. | ) |

## MEMORANDUM OPINION

This cause is before the court on the motion for summary judgment filed by the plaintiff, Fidelity and Deposit Company of Maryland ("Fidelity"), on May 14, 2004. Plaintiff seeks dismissal of all of plaintiff's claims on grounds that there is no genuine issue as to any material fact and that plaintiff is entitled to judgment as a matter of law. This matter has been briefed by the movant and supported by an evidentiary submission. Defendants, who are represented by counsel, have not responded to the motion. The parties have consented to the exercise of jurisdiction by the undersigned pursuant to 28 U.S.C. § 636(c); accordingly, the court enters this memorandum opinion.

## I. FACTS

Plaintiff Fidelity brought this diversity action against defendants pursuant to an Agreement of Indemnity ("Agreement") executed by each of the defendants. Fidelity seeks specific performance of the obligations set forth in the Agreement.

For purposes of summary judgment, the following facts are undisputed. At the request of J & J Masonry, Inc. ("J & J"), Fidelity issued a series of performance and payment bonds on behalf of J & J on various construction projects in Alabama. J & J failed to complete work on those projects and failed to pay for labor and materials furnished on the projects, thereby defaulting in its obligations to Fidelity. As of May 11, 2004, the date the complaint was filed, Fidelity had made payments pursuant to the bonds in the amount of $173,806.24 and had incurred expenses in the amount of $42,805.16. Fidelity has established additional reserves in the amount of $162,698.68 and expense reserves of $10,385.02. Fidelity also has recovered contract balances totaling $60,847.93.

Prior to the issuance of the bonds, defendants J & J and L.C. Posey & Sons, Inc. ("Posey & Sons"), separately and severally executed the Agreement in favor of Fidelity. In the Agreement, defendants agreed to exonerate, defend, and hold harmless Fidelity from any loss, cost, or expense, including attorneys' fees, that might result from the issuance of the bonds. Fidelity requested

that the defendants deposit the collateral, money, or other security required by the Agreement and that defendants cooperate in the investigation of all claims. Defendants failed to make the required deposits or to cooperate as the Agreement specifies.

Plaintiff filed the complaint commencing this action on July 21, 2003, against the defendants named herein and against two individual defendants, Jeffrey Posey and Judy Posey.[1]

## II.  SUMMARY JUDGMENT STANDARD

Under Federal Rule of Civil Procedure 56(c), summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The party asking for summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with

---

[1] On April 12, 2004, a Suggestion of Bankruptcy was filed, notifying the court that the two individual defendants had cases pending in the United States Bankruptcy Court of the Northern District of Alabama. Accordingly, the claims as to the individual defendants are subject to the automatic stay provisions of 11 U.S.C. § 362. The claim against these defendants will be severed, stayed, and the file administratively closed.

3

theaffidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986)(quoting Fed. R. Civ. P. 56(c)). The movant can meet this burden by presenting evidence showing there is no dispute of material fact, or by showing that the nonmoving party has failed to present evidence in support of some element of its case on which it bears the ultimate burden of proof. Celotex, 477 U.S. at 322-23. There is no requirement, however, "that the moving party support its motion with affidavits or other similar materials negating the opponent's claim." Id. at 323.

Once the moving party has met his burden, Rule 56(e) "requires the nonmoving party to go beyond the pleadings and by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions of file,' designate 'specific facts showing that there is a genuine issue for trial.'" Id. at 324 (quoting Fed. R. Civ. P. 56(e)). The nonmoving party need not present evidence in a form necessary for admission at trial; however, he may not merely rest on his pleadings. Celotex, 477 U.S. at 324. "[T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Id. at 322.

After the plaintiff has properly responded to a proper motion for summary judgment, the court must grant the motion if there is no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The substantive law will identify which facts are material and which are irrelevant. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Id. at 248. "[T]he judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." Id. at 249. His guide is the same standard necessary to direct a verdict: "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." Id. at 251-52; see also Bill Johnson's Restaurants, Inc. v. N.L.R.B., 461 U.S. 731, 745 n.11 (1983). However, the nonmoving party "must do more than show that there is some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted. Anderson, 477 U.S. at 249 (citations omitted); accord Spence v. Zimmerman, 873 F.2d 256 (11th Cir. 1989). Furthermore, the court

must "view the evidence presented through the prism of the substantive evidentiary burden," so there must be sufficient evidence on which the jury could reasonably find for the plaintiff. Anderson, 477 U.S. at 254; Cottle v. Storer Communication, Inc., 849 F.2d 570, 575 (11th Cir. 1988). Nevertheless, credibility determinations, the weighing of evidence, and the drawing of inferences from the facts are the function of the jury, and therefore the evidence of the non-movant is to be believed and all justifiable inferences are to be drawn in his favor. Anderson, 477 U.S. at 255. The non-movant need not be given the benefit of every inference but only of every reasonable inference. Brown v. City of Clewiston, 848 F.2d 1534, 1540 n.12 (11th Cir. 1988).

### III. DISCUSSION

The plaintiff asserts that it is entitled to a summary adjudication in its favor because the terms of the Agreement, which is valid and enforceable under applicable law, set forth its right to reimbursement from the defendants from all losses and expenses incurred as a result of Fidelity's issuance of bonds on behalf of J & J.

In this case, plaintiff has provided the court with a copy of the Agreement setting forth the indemnity provisions at issue. Plaintiff also has provided an affidavit of Donna Malcomb, a claims

6

attorney for Fidelity, to provide evidence that Fidelity has made the payments, incurred the expenses, and established the reserves in the amount set forth in the motion for summary judgment.

The court finds that similar contracts of indemnity have been upheld and enforced under Alabama law. See, e.g., Frontier Insurance Co. v. International, Inc., 124 F. Supp. 2d 1211 (N.D. Ala. 2000). An Alabama statute further mandates that, where a surety has demonstrated that it made payments on bonds issued on behalf of a principal, the surety is entitled to reimbursement. Alabama Code § 8-3-5. In addition, such contractual recovery further allows that the plaintiff may recover pre-judgment interest in the amount of 12 percent per annum. Alabama Code § 8-8-10. Accordingly, the court concludes that plaintiff Fidelity is entitled to summary adjudication in its favor against defendants J & J and Posey & Sons.

## IV. CONCLUSION

Based on the foregoing undisputed facts and legal conclusions, the court determines the motion for summary judgment filed by the plaintiff is due to be granted and judgment is due to be entered in favor of the plaintiff in the amount of three hundred and twenty-eight thousand, eight hundred forty-seven dollars and seventeen

cents ($328,847.17),[2] plus interest calculated in the amount of 12 percent per annum to total eleven thousand, five hundred and nine dollars and sixty-five cents ($11,509.65),[3] plus costs. interest and the costs of this action.

A separate order will be entered in accordance with the findings set forth herein.

DATED this 24th day of August, 2004.

T. MICHAEL PUTNAM
UNITED STATES MAGISTRATE JUDGE

---

[2] This amount constitutes the total of the payments, reserves, and expenses set aside or expended by the plaintiff, minus the amount recovered.

[3] This amount constitutes the total of 3.5 months of interest, at an annual rate of 12 percent, calculated from the date the motion for summary judgment was filed, May 11, 2004, which is the date the evidence demonstrates that the amount had been expended by plaintiff, until the date this order is entered.